**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dwight Steven BARRY,**
**Defendant–Appellant.**

**No. 88–2578.**

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 1990.

Charles Szekely, Asst. Federal Public Defender, Denver, Colo. (Michael G. Katz, Federal Public Defender, Denver, Colo., was also on the brief), for defendant-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., Topeka, Kan. (Kurt J. Shernuk, Asst. U.S. Atty., Topeka, Kan., was also on the brief), for plaintiff-appellee.

---

Before HOLLOWAY, Chief Judge, SEYMOUR and MOORE, Circuit Judges.

HOLLOWAY, Chief Judge.

## I.

Appellant Dwight Steven Barry was charged in two counts of a Five Count Indictment. On July 25, 1988, appellant pleaded guilty to Count 5 of the indictment charging him with violating 21 U.S.C. § 846, attemped possession of cocaine with intent to distribute. In return for appellant's plea of guilty to Count 5 of the indictment, the government dismissed Count 1 of the indictment at the time of sentencing. The government also recommended the low end of the applicable sentencing guideline range at the time of sentencing.

At the time he entered his plea, appellant had been advised pursuant to Fed.R.Crim.P. 11 that the maximum penalty for the crime was 40 years' imprisonment and a $2 million fine. Appellant was also advised that he would be required to pay a special assessment of $50 to the victims' impact fund. Supp. Tr. I, p. 15. Appellant was not advised, however, that if he was sentenced to prison, he would be subject to a term of supervised release pursuant to 18 U.S.C. § 3583(b)(1) and Sentencing Guidelines §§ 5D3.1(a) & 5D3.2(b)(1).[1]

On September 28, 1988, appellant was sentenced to a term of six years' imprisonment and placed on supervised release for an additional period of five years. Appellant now argues that he should be allowed to withdraw his plea of guilty because the district court failed to advise him of the effect of the term of supervised release as required by Fed.R.Crim.P. 11(c)(1). The sole issue on appeal, therefore, is whether the district court's failure to advise appellant at his plea hearing of the mandatory period of supervised release provided by Sentencing Guideline § 5D3.1(a) requires us to set aside the guilty plea in the circum-stances of this case. We hold that it does not and affirm.

## II.

### A.

We must first determine whether the district court's failure to advise appellant of the period of supervised release was contrary to the mandatory requirements of Fed.R.Crim.P. 11. At the time appellant entered his guilty plea, Rule 11(c)(1) provided that, before accepting such a plea, the court must inform appellant of, among other things:

> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term....

Fed.R.Crim.P. 11(c)(1). Subsection (c)(1) was subsequently amended, effective November 18, 1988, to add the phrase "or term of supervised release" after the phrase "special parole term". Pub.L. 100–690, § 7076, 102 Stat. 4181, 4406. It is clear from the transcript of the plea proceedings that the district court failed to advise appellant that his sentence would include a term of supervised release. The parties do not dispute that point. The government argues, however, that because the plea hearing occurred prior to the effective date of the amendment to subsection (c)(1), the district court was not required to advise appellant of the term of "supervised release" before accepting his guilty plea. Appellant argues that the terms "special parole" and "supervised release" are synonymous, that the 1988 amendment to the rule was not intended to change existing law, and therefore that the district court failed to comply with the requirements of the rule.

Prior to the effective date of the new Sentencing Guidelines, drug violation laws authorized imposition of "special parole terms" in connection with prison sentences

---

**1.** Citations to the Sentencing Guidelines are to United States Sentencing Commission, *Guidelines Manual* (May 1988), in effect at the time appellant was sentenced. Section 5D3 of the Guidelines was renumbered section 5D1 effective November 1989.

for some substantive drug offenses. *See generally United States v. Molina–Uribe*, 853 F.2d 1193, 1197–98 (5th Cir.1988). The Sentencing Reform Act of 1984, Pub.L. 98–473, abolished parole and, in its place, substituted supervised release. Accordingly, the statute with which we are concerned here was amended to reflect this change. The Anti–Drug Abuse Act of 1986 substituted "term of supervised release" for "term of special parole" in 21 U.S.C. § 841(b), effective November 1, 1987. Pub.L. 99–570, § 1004(a), (b).

For purposes of determining the district court's responsibilities under Fed.R.Crim.P. 11(c)(1), we believe that the distinction between the terms "special parole" and "supervised release" is insignificant. *Accord Molina–Uribe*, 853 F.2d at 1197–98; *United States v. Smith*, 840 F.2d 886, 890 n. 3 (11th Cir.1988). We are persuaded that the 1988 amendment to subsection (c)(1) reflects a change in terminology only, not a change in the substantive requirements of Rule 11. The Advisory Committee notes to the 1988 amendment to subsection (c)(1) indicate that the additional language was intended to accommodate the new Sentencing Guidelines and not to change existing law.

> The Committee believes that a technical change, adding the words 'or supervised release' is necessary to recognize that defendants sentenced under the Guidelines approach will be concerned about supervised release rather than special parole. See 18 U.S.C. §§ 3583 and 3624(e). The words special parole are left in the rule, since the district courts continue to handle pre-guideline cases.

Fed.R.Crim.P. 11 advisory committee notes. In any event, for our purposes we conclude that the sentence of a five-year period of supervised release may be considered a "special parole term" within the meaning of the version of Rule 11 applicable to this case. A special parole term operates in essentially the same way that a period of supervised release does. Both forms of supervision can lead to additional confinement beyond the original sentence. *See Moore v. United States*, 592 F.2d 753, 755 (4th Cir.1979); 18 U.S.C. § 3583(e)(3) (1988).

Thus, there is no reason to distinguish between special parole and supervised release for purposes of a Rule 11 analysis. We conclude, therefore, that the district court erred in not informing appellant at the plea hearing that appellant, if sentenced to prison, would be subject to a term of supervised release.

B.

Although the court erred in failing to inform appellant of this penalty, we need not vacate appellant's conviction and sentence unless appellant's "substantial rights" have been affected. Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). On the facts of this case, we are convinced that appellant's substantial rights were not detrimentally affected.

Before accepting appellant's plea, the district court advised appellant that the new Sentencing Guidelines applied, and that it would therefore sentence appellant under those Guidelines. Supp. Tr. I, pp. 7–9. The statute appellant violated in this case, 21 U.S.C. § 846, is punishable by not less than 5 and not more than 40 years' imprisonment. Therefore, appellant's offense was a Class B felony. *See* 18 U.S.C. § 3559(a)(2) (1988). When an accused is sentenced to a term of imprisonment for the commission of a Class B felony, the guidelines require the sentencing court to impose a period of supervised release of at least three and not more than five years. *See* Sentencing Guidelines §§ 5D3.1(a) & 5D3.2(b)(1). The court specifically asked appellant's attorney whether he had discussed the Guidelines with his client and whether he understood how the Guidelines might apply to his case. Appellant's attorney replied affirmatively. Supp. Tr. I, p. 9.

We are convinced that the district court's error could not have had a significant influence on appellant's decision to plead guilty. *See United States v. Reyes–Ruiz*, 868 F.2d 698, 703 (5th Cir.1989) (the failure to fully comply with the requirements of Rule 11 does not warrant reversal if the failure was not "likely to have been a material factor

affecting the petitioner's decision to plead guilty.") (quoting *Keel v. United States*, 585 F.2d 110, 116 (5th Cir.1978) (en banc) (Rubin J., concurring)). Appellant was correctly advised that the maximum penalty for the crime was 40 years' imprisonment and a $2 million fine. The court also informed appellant that parole had been abolished and that if he was sentenced to prison he would not be released on parole. Appellant acknowledged that he understood that advice. Supp. Tr. I, p. 10. Since Barry's total sentence—including the term of supervised release—is only a fraction of the maximum penalty of which he was advised, we do not understand how the court's failure to advise Barry of the term of supervised release in any way prejudiced his decision to plead guilty.

On these facts we conclude that the district court's failure to fully comply with the requirements of Rule 11 does not warrant reversal. *Cf. United States v. Hamilton*, 553 F.2d 63 (10th Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977) (even though failure to advise a defendant of the effect of mandatory parole requirements violated Rule 11, collateral relief was not warranted where the total sentence did not exceed the term of imprisonment which the court had advised the defendant he might receive for the offense); *see also United States v. Sisneros*, 599 F.2d 946, 948–49 (10th Cir.1979) (failure to advise defendant of possible lifetime special parole term did not warrant collateral relief where sentence imposed—ten years' imprisonment and three years of special parole—did not exceed the total fifteen years' imprisonment of which defendant had been advised).[2]

We do not apply the harmless error rule of subsection 11(h) lightly. The safeguards of rule 11 are no less important today than they were when the Supreme Court decided *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). As the Advisory Notes to the 1983 amendment

to Rule 11 (adding subsection 11(h)) indicate, "[i]t is still true, as the Supreme Court pointed out in *McCarthy*, that thoughtful and careful compliance with Rule 11 best serves the fair and efficient administration of criminal justice...." Appellant correctly notes that *McCarthy* has been faithfully followed in this Circuit where fundamental error in the plea colloquy requires that a plea be vacated and the defendant be allowed to plead anew. *See e.g., United States v. Keiswetter*, 866 F.2d 1301 (10th Cir.1989) (en banc) (guilty plea vacated because record did not contain an adequate factual basis for the plea, as required by Fed.R.Crim.P. 11(f)). However, as the Advisory Committee notes to Rule 11(h) point out, the *McCarthy* per se rule was no longer justified following the extensive amendments to Rule 11 which took place in 1975; when *McCarthy* was decided in 1969, Rule 11 was much shorter and simpler than the present version. *See United States v. Jaramillo–Suarez*, 857 F.2d 1368, 1371 (9th Cir.1988).

AFFIRMED.

---

2. Appellant argues that the Fifth Circuit, on facts similar to those before us here, set aside a plea of guilty because the sentencing court failed to advise the defendant of the effect of a term of supervised release. *See United States v. Molina–Uribe*, 853 F.2d 1193, 1199–1200 & n. 11

(5th Cir.1988). We are not persuaded to apply that rule here. Appellant simply has not demonstrated to us that the district court's failure to advise him of the effect of a term of supervised release resulted in a deprivation of his substantial rights.