974 F.2d 1346
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick CORDERO, Defendant-Appellant.
 No. 89-2212.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant Patrick Cordero pleaded guilty to conspiracy to possess with intent to distribute more than fifty kilograms of marijuana pursuant to 21 U.S.C. § 846. The maximum punishment for this offense is twenty years imprisonment or $1,000,000, or both, and a minimum of three years supervised release. See 21 U.S.C. § 841(b)(1)(C). The district court informed Defendant of the maximum term of imprisonment but did not inform him of the supervised release requirement. The district court imposed a guideline sentence of forty-one months imprisonment and three years supervised release. Defendant appeals claiming that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by not informing him of the supervised release term prior to accepting his guilty plea. This court has jurisdiction under 28 U.S.C. § 1291.
 
 
 2
 Rule 11(c)(1) requires the district court to advise a defendant entering a guilty plea of the mandatory minimum penalty, the maximum possible penalty, and any supervised release term. However, any variance from this procedure which does not affect substantial rights shall be disregarded as harmless error. Fed.R.Crim.P. 11(h). A district court's failure to advise a defendant, who is entering a guilty plea, of a mandatory term of supervised release constitutes harmless error, when the failure to advise would not have affected the defendant's decision to plead guilty, and the defendant's total sentence, including the term of supervised release, is a fraction of the maximum penalty of which he was advised. United States v. Barry, 895 F.2d 702, 704-5 (10th Cir.), cert. denied 496 U.S. 939 (1990). See also United States v. Elias, 937 F.2d 1514, 1518-19 (10th Cir.1991).
 
 
 3
 Defendant does not allege that his plea would have been different if he had known of the supervised release term. Furthermore, Defendant was sentenced to forty-one months imprisonment and three years supervised release, a total sentence of six years and five months, when his maximum possible sentence was twenty years. We determine that the district court's failure to inform Defendant of his mandatory term of supervised release constitutes harmless error. See Elias, 937 F.2d at 1518-19; Barry, 895 F.2d at 705.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3