19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Raymond WABLE, Defendant-Appellant.
 No. 93-5546.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1994.
Decided March 29, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-323)
 Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr., Asst. Federal Public Defender, Charleston, WV, for appellant.
 Charles T. Miller, U.S. Atty., Paul T. Farrell, Asst. U.S. Atty., Huntington, WV, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Raymond Wable appeals from his conviction and sentence pursuant to a guilty plea to conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. Secs. 841(a)(1), 846 (1988) and 18 U.S.C. Sec. 2 (1988). Wable entered into a plea agreement in which in exchange for his guilty plea to the offense, he would be sentenced to a maximum of five years in prison, up to a $250,000 fine, or both, and a term of supervised release of two to three years. After preparation of a pre-sentence investigation, the court sentenced Wable to fifteen months in prison and a five-year term of supervised release. Because we find that the district court did not commit plain error in sentencing Wable to five years of supervised release and because we find that the court's misstatement concerning the maximum length of Wable's supervised release term at Wable's guilty plea hearing was harmless under Fed.R.Crim.P. 11(h), we affirm Wable's conviction and sentence.
 
 
 2
 The parties do not dispute that the plea agreement they entered stated:
 
 
 3
 The maximum penalty to which Mr. Wable will be exposed by virtue of his guilty plea is imprisonment for a period of five (5)years and a fine of $250,000, or both. Mr. Wable is subject to a minimum term of supervised release of two (2)years (and a maximum term of three (3)years supervised release).
 
 
 4
 The prosecutor and the district court reiterated this term of the plea agreement at his guilty plea hearing in accord with Fed.R.Crim.P. 11. After the court accepted the plea agreement, the court ordered preparation a pre-sentence report, which all parties received and reviewed. The report specifically addressed the term of supervised release. It stated:
 
 
 5
 Statutory Provisions: A minimum of two years is required by 21 U.S.C. Sec. 841(b)(1)(D).
 
 
 6
 Guidelines Provisions: U.S.S.G. Sec. 5D1.2(a) provides for a term of at least three years, but not more than five years, since the statute requires a term of supervised release.
 
 
 7
 Both the Government and Wable noted written objections to the report, which were included and addressed in an addendum. Neither raised any objection to the report's finding that Wable's supervised release term would be between three and five years.
 
 
 8
 Neither did Wable object to the range of his supervised release term at his sentencing hearing. Wable's counsel stated at the sentencing hearing that he did not "desire to withdraw" the guilty plea and that "Mr. Wable will persist in his plea previously entered before this Court." The court permitted Wable to speak in his own behalf before and after it pronounced its sentence; he did not refer to his supervised release term.
 
 
 9
 Appellate review of a sentence is waived when the defendant fails to object to the sentence calculation in the district court. United States v. Davis, 954 F.2d 182, 186-87 (4th Cir.1992). Incorrect application of the Sentencing Guidelines constituting plain error, however, may be reviewed for the first time on appeal. Fed.R.Crim.P. 52(b).[1] To reverse for plain error, this Court must: (1)identify an error; (2)which is plain; (3)which affects substantial rights; and (4)which "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 10
 Under the Sentencing Guidelines, the court shall order a term of supervised release to follow imprisonment when a sentence imposes more than one year in prison or when required by statute. United States Sentencing Commission, Guidelines Manual, Sec. 5D1.1(a) (Nov. 1991).[2] If the defendant is convicted under a statute that requires a term of supervised release, the term "shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater." U.S.S.G. Sec. 5D1.2(a). The offense to which Wable entered a guilty plea required a minimum term of two years supervised release. 21 U.S.C.A. Sec. 841(b)(1)(D) (West Supp.1993).
 
 
 11
 Since Wable was sentenced to imprisonment for more than one year and since his offense required a term of supervised release of at least two years, the court did not err in sentencing Wable to a five-year term of supervised release under U.S.S.G. Sec. 5D1.2(a). Since the court followed the clear mandate of the guidelines in setting Wable's term of supervised release, there was no plain error.
 
 
 12
 Wable also asserts that since the court sentenced him to a five-year term of supervised release, which exceeded the three year maximum set out in his plea agreement and at his guilty plea hearing, the court did not comply with Fed.R.Crim.P. 11(c) and his plea was therefore not knowingly and intelligently entered. We disagree.
 
 
 13
 Before accepting a guilty plea, the court must address the defendant personally in open court and inform him of and determine that he understands the mandatory minimum penalty of his offense, if any, and the maximum possible penalty "including the effect of any special parole or supervised release term." Fed.R.Crim.P. 11(c)(1). Any variance from the procedures of Fed.R.Crim.P. 11 "which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).
 
 
 14
 At the outset, we note that several circuits have held that a guilty plea need not be set aside when the district court fails to advise the defendant of a supervised release term at all. See United States v. Bachynksy, 934 F.2d 1349, 1361 (5th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991); United States v. Barry, 895 F.2d 702, 704-05 (10th Cir.), cert. denied, 496 U.S. 939 (1990); United States v. Sanclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988); United States v. McGeehan, 824 F.2d 677, 680 (8th Cir.1987), cert. denied, 484 U.S. 1061 (1988). To determine whether a Rule 11 error is harmless, this Court must determine whether the defendant's full knowledge of the correct information "would have been likely to affect his willingness to plead guilty." United States v. Johnson, 1 F.3d 296, 302 (5th Cir.1993). In making that determination, this Court is free to consider the entire record on appeal, including documents that followed the plea hearing (such as the pre-sentence report, objections to the presentence report, and the transcript of the sentencing hearing). Id.
 
 
 15
 Wable stated unequivocally at his sentencing hearing that he read his pre-sentence report and discussed it with his attorney. He also stated that he understood the report. Though the report clearly set out the three to five year term of supervised release, neither Wable nor his attorney ever expressed any objection to that portion of the report despite the opportunity to do so. His attorney stated at the sentencing hearing that Wable would "persist" with his guilty plea. Since it appears from the entire record that Wable was fully informed of the correct range of supervised release prior to his sentencing and that that information did not affect his decision to enter a guilty plea, we find that the court's misstatement at Wable's guilty plea hearing did not affect his substantial rights under Rule 11(h).
 
 
 16
 In addition, failure to explain a special parole term at a Rule 11 hearing is harmless error when the sentence plus the term do not exceed the maximum sentence stated at arraignment. Bell v. United States, 521 F.2d 713, 714 (4th Cir.1975), cert. denied, 424 U.S. 918 (1976). For purposes of determining a court's responsibilities under Rule 11(c)(1), the distinction between "special parole" and "supervised release" is insignificant since both operate in essentially the same way and both can lead to confinement beyond the original sentence. Barry, 895 F.2d at 704. Wable was informed in his plea agreement and at his guilty plea hearing that he faced a maximum five-year term of incarceration and maximum three-year term of supervised release, a total of ninety-six months. He received a sentence of fifteen months in prison with a five-year term of supervised release, a total of seventy-five months. Thus, he received a total sentence that was less than he expected under his plea agreement. For these reasons, we affirm Wable's conviction and sentence.[3] We dispense with oral argument since the factual and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 
 
 [2]
 Since Wable's offense occurred on or about September 30, 1992, all references to the Sentencing Guidelines are to the November 1991 edition
 
 
 [3]
 We also find that not permitting Wable to withdraw his guilty plea would not result in a miscarriage of justice. See Davis, 954 F.2d at 184