65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Glenn STEWART, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6277.
 United States Court of Appeals, Tenth Circuit.
 Aug. 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 Petitioner-appellant Glenn Stewart, an inmate appearing pro se, appeals the district court's dismissal of his 28 U.S.C. 2255 motion to vacate, set aside, or correct his sentence. On July 7, 1994, the district court adopted the report and recommendation of the magistrate judge that Mr. Stewart was procedurally barred from raising his issues and also denied his motion for an evidentiary hearing.
 
 
 2
 After pleading guilty, Mr. Stewart was sentenced on February 18, 1992 to 60 months in jail, 36 months supervised release, and a $50.00 special assessment for violation of 21 U.S.C. 841(a)(1), possession with intent to distribute amphetamine. According to Mr. Stewart, the court imposed the term of supervised release without complying with Fed.R.Crim.P. 11. He explains that the court deprived him of substantial rights by not advising him of the potential for 36-months of supervised release. See Fed.R.Crim.P. 11(h); United States v. Barry, 895 F.2d 702 (10th Cir.), cert. denied, 496 U.S. 439 (1990). Mr. Stewart failed, however, to object to this term of supervised release at the time of its imposition and neglected to raise these issues in his direct appeal.
 
 
 3
 A 2255 motion is not available to test the legality of matter that should have been raised on appeal, United States v. Khan, 835 F.2d 749, 753 (10th Cir.1987), cert. denied, 482 U.S. 1222 (1988). Mr. Stewart's failure to present these issues on direct appeal bars him from raising them now, absent a showing of cause and prejudice, or a fundamental miscarriage of justice. United States v. Frady, 456 U.S. 152, 167-71 (1985). This precludes us from reaching the merits of Mr. Stewart's claim. Schulp v. Delo, 115 S.Ct. 851, 862-63 (1995).
 
 
 4
 AFFIRMED.
 
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)