F I L E D
United States Court of Appeals
Tenth Circuit

JUL 31 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARMANDO VALENTINO,

Petitioner-Appellant,

v.

CHARLES RAY; KEN SALAZAR,
Attorney General of the State of
Colorado,

Respondents-Appellees.

No. 01-1038

(D. Colo.)

(D.C. No. 00-D-1310)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Armando Valentino, a state prisoner proceeding pro se, pleaded guilty to one count of sexual assault of a child by one in a position of trust, a violation of Colorado state law. Subsequently, he filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. The district court denied his petition and then denied his application for a certificate of appealability. Mr. Valentino now appeals. For the reasons stated below, we deny Mr. Valentino's application for a certificate of appealability and dismiss the appeal.

I.

Pursuant to the plea agreement between Mr. Valentino and the prosecution, the trial court deferred judgment and sentence in the case for a period of two years. If Mr. Valentino complied with certain conditions within that two-year period, then the guilty plea would be withdrawn and the case dismissed. During the plea proceedings, however, the trial court advised Mr. Valentino that the normal sentencing range for his offense was "two to eight years. If there were aggravating factors, the eight years could be doubled up to sixteen years. [In addition,] [a]ny sentence for a Class 4 felony can involve three years of parole . . . ." Rec. doc. 11, at 11 (respondents' answer to show cause order) (quoting providency hearing).

-2-

Several months later, a probation officer filed a revocation complaint against Mr. Valentino, claiming that he had not complied with the conditions of deferment. Ultimately, that complaint was withdrawn but soon thereafter the probation officer filed a second complaint. Following the filing of this complaint, Mr. Valentino was advised in writing and in court that he could be subject to three years of mandatory parole in addition to any prison sentence.

Eventually, an evidentiary hearing was held, after which the trial court determined that Mr. Valentino had in fact failed to comply with the conditions of deferment. The trial court thereby revoked the deferment, entered judgment against Mr. Valentino, and sentenced him to two years of imprisonment plus three years of mandatory parole. Unfortunately, the trial court's assessment of the mandatory parole period was erroneous. The Department of Corrections ("DOC") subsequently corrected the error, thus raising the period of mandatory parole from three years to five years. See Colo. Rev. Stat. § 18-1-105(1)(a)(V)(C) (noting that the applicable mandatory parole period for a felony committed between July 1, 1993, and July 1,1996, is five years).

On direct appeal, the Colorado Court of Appeals affirmed the trial court's order revoking the deferment and the final sentence of two years of imprisonment and five years of mandatory parole. Mr. Valentino then filed a certiorari petition with the Colorado Supreme Court, which was denied. Thereafter, he sought state

post-conviction relief and, when no relief was obtained through these proceedings, he filed a petition for habeas relief in federal court, arguing among other things that his due process rights were violated because he was not properly advised during the plea proceedings that he would be subject to five years of mandatory parole instead of three. The district court denied the petition. Subsequently, Mr. Valentino sought a certificate of applicability from the district court and, when this was denied, he brought this appeal before this court.

## II.

Because Mr. Valentino's habeas petition was not filed until June 28, 2000, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern his case. Under AEDPA, a certificate of appealability must be issued before an appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). We may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," id. § 2253(c)(2) – that is, only if the applicant demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

On appeal, Mr. Valentino argues that a certificate of appealability is warranted in his case because of the due process claim described above. We disagree. A Colorado state court has held that a trial court's failure to advise a defendant on a term of mandatory parole does not render a plea involuntary if the actual sentence imposed on the defendant is less than the maximum penalty of which he was advised. See People v. Tyus, 776 P.2d 1143, 1144 (Colo. Ct. App. 1989) ("The trial court's failure to advise defendant of the mandatory parole term did not constitute reversible error under the circumstances of this case. Because the length of defendant's sentence was less than the maximum that he was advised he could receive, the trial court properly determined that defendant had entered a valid guilty plea."); cf. United States v. Barry, 895 F.2d 702, 705 (10th Cir. 1990) (stating that "the [trial] court's failure to advise [the defendant] of the term of supervised release [did not] prejudice[] his decision to plead guilty" because the "total sentence – including the term of supervised release – [was] only a fraction of the maximum penalty of which he was advised"). In Mr. Valentino's case, the trial court advised that a maximum penalty of sixteen years of imprisonment plus three years of mandatory parole was possible. Mr. Valentino's actual sentence

was markedly less – i.e., two years of imprisonment and five years of mandatory parole.[1]

Because Mr. Valentino has not made a substantial showing of the denial of a constitutional right, we DENY the certificate of appealability and DISMISS the appeal. We GRANT, however, Mr. Valentino's motion to proceed in forma pauperis.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1] During the proceedings below, the respondents argued that the mandatory parole period was not a direct consequence of Mr. Valentino's plea because Mr. Valentino only pleaded to a deferred judgment and sentence. We do not address this argument on appeal, resting our decision on the grounds discussed above.