**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bruce C. WRIGHT, Defendant–Appellant.**

**No. 90–6252.**

United States Court of Appeals, Tenth Circuit.

April 16, 1991.

Submitted on the briefs [1]:

Timothy D. Leonard, U.S. Atty., and Nancy S. Jones, Asst. U.S. Atty., Oklahoma City, Okl., on the brief for plaintiff-appellee.

Larry E. Joplin and Kirsten E. Pace of Crowe & Dunlevy, Oklahoma City, Okl., on the briefs for defendant-appellant.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Wright entered a guilty plea to a violation of the conspiracy statute. He was sentenced to five years imprisonment and a fine of $2,226,000. Mr. Wright asks that we either vacate that portion of the fine in excess of $10,000 or that we allow him to withdraw his plea and plead anew.

The conduct underlying the conspiracy charge was a scheme to defraud real estate development loan applicants. The presentence report reveals Mr. Wright received kickbacks totaling $1,133,000 flowing from nine separate real estate projects. These nine payments involved Mr. Wright issuing a bogus standby loan commitment on behalf of the savings and loan service company he managed. The purpose of the bogus loan commitments was to induce the borrowers to obtain construction loans through the service corporation. Mr. Wright's conduct cost the Oklahoma savings and loan industry in excess of one hundred million dollars.

Mr. Wright entered into a written plea agreement with the prosecution. The essence of this agreement was Mr. Wright would cooperate with the investigation and in return would be charged with but one felony count of conspiracy to commit wire fraud. 18 U.S.C. § 371. This plea agreement advised Mr. Wright "that the Court could impose a fine of up to $10,000.00 and up to five (5) years imprisonment."

Mr. Wright thereupon entered his petition to enter a guilty plea and therein stated he understood he could be imprisoned up to five years and fined a maximum of $10,-000. When Mr. Wright appeared to waive indictment, the District Court failed to directly inform Mr. Wright of the maximum penalty. The court asked the prosecutor "the maximum punishment" and the prosecutor responded by stating five years incarceration and/or a $10,000 fine. The District Court then asked Mr. Wright if that was his understanding of the "penalty provisions" and Mr. Wright responded: "Yes, Sir."

Prior to the sentencing hearing a presentence report was filed. This report, under the heading of "Penalty," indicated a fine of $10,000 could be imposed and stated further: "Alternative fine of $250,000." At the sentencing hearing Mr. Wright informed the court he had examined the presentence report and it was accurate.

---

1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

At the sentencing hearing the District Court imposed a sentence of five years imprisonment and a fine in the amount of $2,236,000. The fine was imposed pursuant to 18 U.S.C. § 3623, which provides for alternative fines. The fine imposed was twice the amount of stipulated gain by defendant from the illegal kickbacks. *See* 18 U.S.C. § 3623(c)(1).

Mr. Wright asserts the fine imposed was in violation of Fed.R.Crim.P. 11(c)(1) as the court failed to accurately inform him of the maximum potential fine. Mr. Wright asks that we either limit the fine imposed to $10,000 or allow him to withdraw his plea and plead anew. The Government responds by conceding the alternative fine provision was never disclosed but contends this omission was harmless error.

Fed.R.Crim.P. 11(c)(1) requires the District Court to address the defendant personally in open court and inform the defendant of and determine the defendant understands *"the maximum possible penalty provided by law." Id.* (emphasis added).

■ The Government first argues that the word "penalty" as used in Rule 11 applies only to incarceration and not to a fine. It argues that a fine is but a collateral consequence to the guilty plea and thus need not be disclosed. We are not persuaded by this argument. The plain language of Rule 11(c)(1) speaks of "maximum possible penalty provided by law." The word "penalty" is a somewhat amorphous term; however, it clearly involves the concept of punishment which in turn includes both incarceration and pecuniary punishment. The Government urges us to equate a fine with restitution and this we are not inclined to do. A fine is payable to the Government and it may or may not bear any relationship to the loss caused. Restitution, on the other hand, is payable to the victim and must bear a relationship to the loss caused. A fine is a penalty or punishment. Restitution is payment for an actual loss. We therefore hold the term "possible penalty" as used in Rule 11 includes both the length of incarceration and the amount of any fine, including potential alternative fines.

■ Fed.R.Crim.P. 11(h) introduces into our deliberation the concept of harmless error. Rule 11(h) specifically provides that any variance from the required procedures that does not affect substantial rights shall be disregarded. *See United States v. Barry*, 895 F.2d 702 (10th Cir.), *cert. denied,* ⸺ U.S. ⸺, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990). Mr. Wright argues the failure to accurately inform him of the maximum possible fine could not be harmless error under the facts of this case. He asserts that had he contemplated a fine over two hundred times more than what he was told, "he would have certainly reconsidered his immediate and cooperative entry of a guilty plea."

Rule 11(h) instructs us to disregard any variances from required procedures that do not affect substantial rights of a defendant. We have construed this language as requiring the defendant show that knowledge of the omission or variance from Rule 11 *"would have* changed his decision to plead guilty." *United States v. Gomez–Cuevas*, 917 F.2d 1521, 1527 (10th Cir.1990) (emphasis added); *see also Barry*, 895 F.2d at 704 (holding the district court's error did not prejudice the defendant's decision to plead guilty as he did not show it had a significant impact on his decision). In the instant case, we find the defendant has failed to show the omission would have changed his decision to plead guilty. Therefore, we find the district court's error herein harmless within the meaning of Rule 11(h).

■ We also find defendant's claim that "[t]he district court's failure to make specific fact findings under 18 U.S.C. § 3622 precludes imposition of any fine under 18 U.S.C. § 3623" to be without merit. Specific fact-finding on the record has been deemed unnecessary for imposition of fines under 18 U.S.C. § 3622. *United States v. Weir*, 861 F.2d 542 (9th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). We will not now hold otherwise.

Therefore, while we find the district court's omission of a discussion regarding

the possibility of an alternative fine under 18 U.S.C. § 3623 to be error, such error was "harmless" within the meaning of Rule 11(h).

Accordingly, we AFFIRM the decision of the district court.