**UNITED STATES COURT OF APPEALS**
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

Patrick J.  Fisher, Jr.                                         Elisabeth A. Shumaker
Clerk                                                          Chief Deputy Clerk

March 29, 2000

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   99-5133, *United States v. Reyes*
Filed on March 20, 2000

The order and judgment contains a clerical error on page 6, second line from the bottom, in the sentence which begins: "(*I*offense level of 31 . . . ."  The sentence is corrected to read as follows:

The district court eventually sentenced Mr. Reyes at the offense level of 31 which, under the sentencing guidelines, includes a term of imprisonment ranging between 188 to 235 months in prison.

A copy of the corrected order and judgment is attached.

Sincerely,

Patrick Fisher, Clerk of Court

By:   Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAMON DELEON REYES,

    Defendant-Appellant.

No. 99-5133
(N.D. Okla.)
(D.Ct. No. 98-CV-950-H)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Ramon DeLeon Reyes, a prisoner appearing _pro se_, appeals the

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision denying his motion filed pursuant to 28 U.S.C. § 2255 and request for a certificate of appealability. We deny his request for a certificate of appealability, and dismiss his appeal.

Mr. Reyes pled guilty to four counts of distribution of cocaine and one count of distribution of one kilogram of cocaine (*i.e.*, Count 5). Following his guilty plea, the district court sentenced him to 204 months in prison on each count, to run concurrently. Mr. Reyes did not file a direct appeal.

Mr. Reyes filed a motion to vacate, set aside or correct his sentence under § 2255. He alleged his guilty plea was involuntary, unintelligent and unknowing because the district court and his counsel failed to: (1) advise him Count 5 for distribution of cocaine carried a mandatory minimum sentence of five years; and (2) inform him he could not withdraw his plea if the court did not accept the government's sentencing recommendations. He also alleged ineffective assistance of counsel based on these claims and his claims his attorney failed to "appoint himself with facts concerning [his] criminal history before advising him of the 5 years potential sentence," and conducted the plea agreement in "bad faith" knowing he would receive a sentence of more than five years.

The district court that presided over Mr. Reyes' plea and sentencing hearings entered an order denying the motion. It determined that because Mr. Reyes failed to directly appeal his claims, he could not seek redress on collateral review unless he demonstrated: (1) cause for the procedural default or actual prejudice from the errors asserted; or (2) actual innocence. The court then looked at Mr. Reyes' ineffective assistance of counsel claims to determine if ineffective assistance could excuse his failure to raise his other claims on direct appeal. The district court found the court advised Mr. Reyes at the plea hearing: (1) of the minimum mandatory sentence; and (2) that the court retained final authority to impose his sentence within the United States Sentencing Guidelines. The district court then determined no prejudice resulted from any inaccurate sentence prediction by Mr. Reyes' counsel because the court "specifically cured any defect ... by providing the proper information." After determining Mr. Reyes' ineffective assistance of counsel claims lacked merit, the court held Mr. Reyes procedurally defaulted his involuntary plea claims.

On appeal, Mr. Reyes renews the same claims raised in his § 2255 motion. He also raises new issues on appeal, claiming his attorney acted ineffectively by failing to directly appeal his conviction or negotiate a plea agreement minimizing the charges or counts against him. He also contends the district court erroneously

determined he must prove his innocence to obtain relief.

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo* and its factual findings for clear error. *United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996). We review Mr. Reyes' ineffective assistance of counsel claims *de novo* as a mixed question of law and fact. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). To establish ineffective assistance of counsel, Mr. Reyes must show his counsel's performance was deficient and his performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We review *de novo*, as a question of law, the issue of whether a district court complied with Federal Rule of Criminal Procedure 11 before accepting Mr. Reyes' guilty plea. *United States v. Gomez-Cuevas*, 917 F.2d 1521, 1524 (10th Cir. 1990)

We begin our review by noting Fed. R. Crim P. 11 requires the district court to address Mr. Reyes personally in open court and inform him of, and determine he understands, the minimum and maximum possible penalties provided by law. *See* Fed. R. Crim. P. 11(c)(1). However, a violation of Rule 11(c) does not render his plea involuntary. *See* Fed. R. Crim. P. 11(h). Instead, we apply a harmless error analysis in determining if any variance in the Rule 11 requirement

affected his substantial rights.  *See United States v. Wright*, 930 F.2d 808, 810 (10th Cir. 1991).  Under Rule 11(h), Mr. Reyes must demonstrate "knowledge of the omission or variance from Rule 11 'would have changed his decision to plead guilty.'" *Wright*, 930 F.2d at 810 (quoting *Gomez-Cuevas*, 917 F.2d at 1527.

> In this case, the district court informed Mr. Reyes as follows:
>
> The *maximum* sentence the Court can impose upon a finding of guilty and a conviction on Counts one, two, three, four and five of the Indictment is as follows:
>
> > Count one....  [N]ot more than 20 years imprisonment....
> >
> > Count two....  [N]ot more than 20 years imprisonment....
> >
> > Count three....  [N]ot more than 20 years imprisonment....
> >
> > Count four....  [N]ot more than 20 years imprisonment....
> >
> > Count five.  Under 21 U.S.C., Section 841(a)(1), *not more than 40 years imprisonment, but not less than five years....*

(Emphasis added).  Because the district court began this colloquy by using the term "maximum sentence," Mr. Reyes claims he thought the five- to forty-year term accounted for only the mandatory maximum sentence, and therefore, the mandatory minimum would be less than the five years mentioned.

We begin by noting the district court correctly recited the maximum and minimum mandatory sentence for 21 U.S.C. § 841(a)(1) as "not more than 40

years imprisonment, but not less than five years." However, even if we find the district court's precursory use of "maximum sentence" without specific reference to the minimum mandatory sentence, is inconsistent with Rule 11, the error is harmless. Both Mr. Reyes' plea petition and plea agreement stated the term of sentence for Count 5 was "not more than 40 years imprisonment, but not less than five years." In his plea petition, he also verified he understood his plea of guilty may subject him to a minimum sentence. He further verbally acknowledged to the district court in open court that his counsel fully reviewed these documents with him and he understood their contents.

Additionally, in his plea petition, Mr. Reyes verified he knew his sentence would be within the sentencing guideline range. Mr. Reyes' attorney stated, both in certified documentation and at the plea hearing, he advised Mr. Reyes of the possible guideline ranges, which ran between total offense levels of 31 and 34. During the plea hearing, the district court inquired whether Mr. Reyes understood the sentencing guidelines, and the requirement that, unless he departed from them, he must impose a sentence within the guideline ranges. Mr. Reyes answered affirmatively. The district court eventually sentenced Mr. Reyes at the offense level of 31 which, under the sentencing guidelines, includes a term of imprisonment ranging between 188 to 235 months in prison. Thus, Mr. Reyes

knew, prior to his plea hearing and at the hearing, that his punishment would be determined in accordance with the sentencing guidelines, under which the lowest sentence would be 188 months or the equivalent of over fifteen years. Because fifteen years is greater than the five-year statutory minimum sentence, we find the district court's omission in clarifying the minimum mandatory sentence had no actual impact on his sentence. Thus, under the circumstances presented, we believe the omission could not have had a significant influence on his decision to plead guilty. *See United States v. Barry*, 895 F.2d 702, 704 (10th Cir.), *cert. denied*, 496 U.S. 939 (1990). Moreover, Mr. Reyes has failed to show, under these facts, how the district court's omission affected his guilty plea.[1] For these reasons, we hold any omission by the district court constituted harmless error, and any deficiency of performance by his counsel on this issue did not prejudice Mr. Reyes.

We also reject Mr. Reyes' contention his counsel and the district court failed to inform him he could not withdraw his plea if the court did not accept the government's sentencing recommendation. In his plea petition and his plea

---

[1] Similarly, nothing in the record or in Mr. Reyes' summary allegations establishes his attorney acted in "bad faith" because he somehow allegedly knew, but did not share with Mr. Reyes, his knowledge of the five-year minimum sentence.

agreement, Mr. Reyes *five times* verified his understanding that sentencing is a matter left exclusively in the province of the court. His attorney also certified he advised Mr. Reyes of the same. In addition, in his plea agreement, Mr. Reyes verified he knew the government's recommendations would not be binding on the court, and if the court sentenced him to the maximum sentence, he could not, for that reason alone, withdraw his guilty plea. Thereafter, the court asked, and Mr. Reyes and his attorney both affirmatively answered, that his attorney reviewed with Mr. Reyes in detail the terms and condition of the plea agreement. Mr. Reyes also acknowledged he knew if he pled guilty he gave up all defenses, the right to challenge the charges against him, and the claim of not guilty. His attorney also informed the court he explained to Mr. Reyes the plea agreement was not binding on the court and it had the ultimate decision of the sentence imposed under the guidelines. Under these circumstances, we find Mr. Reyes was fully aware of the court's discretion not to accept the government's recommended sentence and his inability to later change his plea for that reason, and therefore, no deficient performance by either the district court or counsel occurred.

As to Mr. Reyes' contention his attorney "failed to appoint himself with the facts concerning [his] criminal history before advising him of the 5 years potential sentence," we find nothing in the record to show his attorney's

performance concerning his criminal history prejudiced Mr. Reyes.  In fact, both Mr. Reyes and his attorney acknowledged in open court that his sentence, as determined under the sentencing guidelines, would depend on his criminal history, as developed through the probation department.  Thus, regardless of whether his attorney knew of, or discussed with him, his criminal history, Mr. Reyes was aware when he pled guilty that his criminal history would affect his sentence under the sentencing guidelines.

We also reject Mr. Reyes' contention the district court improperly determined he must prove his innocence to prevail on his § 2255 motion.  Because Mr. Reyes failed to present his claims on direct appeal, he must show:  (1) cause excusing his procedural default and actual prejudice resulting from the error of which he complains; or (2) a fundamental miscarriage of justice will occur if his claims are not addressed.  *See Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000).  In order to show the latter, Mr. Reyes must make a colorable showing of factual innocence.  *Id.*  He has not, and instead admits his involvement in the crimes charged.

Finally, we will not consider issues not raised before the district court. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).  We thereby

decline to address Mr. Reyes' new contentions his attorney acted ineffectively by failing to directly appeal his conviction or negotiate a plea agreement minimizing the charges or counts against him.

Thus, under the circumstances presented, we conclude Mr. Reyes fails to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). For these reasons, and substantially the same reasons in the district court's May 4, 1999 Order, we deny Mr. Reyes' application for a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-10-