**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-56313 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-08209-R-PLA |
| v. | |
| KIMBALL DEAN RICHARDS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 14, 2012
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN,
Senior District Judge.[**]

The United States ("Appellant") appeals from an order of the district court

granting Kimball Dean Richards's ("Appellee") motion to dismiss Appellant's

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

action to collect the restitution ordered by Appellee's judgment of conviction. Appellant contends that the district judge erred by relying on the statute of limitations with respect to liability for restitution that was in effect at the time of Appellee's conviction rather than the later amendment of the statute of limitations in effect at the time the district court granted Appellee's motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review questions of law regarding the application of restitution statutes *de novo*. *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009). We assume familiarity with the record. We reverse and remand.

On April 30, 1990, Appellee was sentenced on multiple felony counts of bank fraud, mail fraud, and wire fraud. The judgment ordered a sentence of 15 years custody and also ordered restitution. Appellee was released from imprisonment on January 8, 1999.

The government may enforce a judgment of restitution. 18 U.S.C. § 3613(a). At the time the judgment was entered, pursuant to the Victim and Witness Protection Act of 1982 (the "VWPA"), Appellee's liability to pay restitution terminated upon his death or twenty years after entry of judgment. *See* 18 U.S.C. § 3613(b) (1990). However, pursuant to the Mandatory Victim Restitution Act of 1996 (the "MVRA"), the statute was amended such that liability

2

to pay restitution terminates "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  18 U.S.C. § 3613(b).

The district court held that the VWPA applied and that Appellee's liability for restitution had terminated, since more than twenty years had elapsed from the entry of judgment on April 30, 1990.  However, the statute of limitations with respect to liability for restitution is procedural.  Absent congressional intent to the contrary, the district court is required to apply the law in effect at the time of its decision.  Thus, the district court should have applied the MVRA, not the VWPA. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 & nn. 28-29 (1994); *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir. 1985) (per curiam).  Pursuant to the MVRA, Appellee's liability for restitution has not terminated.

Appellee's argument that application of the MVRA would violate the Ex Post Facto Clause of the Constitution is without merit, for an expansion of the period in which Appellee is liable for restitution does not increase Appellee's punishment.  *See United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008).  Appellee has waived his claims with respect to the validity of the restitution order by failing to challenge the restitution order on direct appeal.  *See, e.g., id.* at 1184.

**REVERSE AND REMAND.**

3