FILED
United States Court of Appeals
Tenth Circuit

May 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GILBERTO DE LEON HERNANDEZ,
a/k/a Ruben Lozano Trevino, a/k/a Ruben
Lozano-Trevino, a/k/a Ruben Lozano,
a/k/a Luis Garcia-De Leon, a/k/a Gilberto
Deleon Hernandez, a/k/a Gilberto
Hernandez, a/k/a Luis Hernandez,

      Defendant-Appellant.

No. 12-5011
(D.C. No. 4:11-CR-00145-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Gilberto De Leon Hernandez pleaded guilty to aggravated identity theft in violation

of 18 U.S.C. § 1028A(a)(1) and (c)(2), and illegal reentry in violation of 8 U.S.C.

---

[*]    This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

§ 1326(a) and (b)(2). Despite the waiver, he filed a notice of intent to appeal. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

This court appointed counsel for Mr. Hernandez, and ordered a response to the government's motion to enforce. We have reviewed the government's motion and Mr. Hernandez's response, and have also undertaken an independent review of the plea agreement, change of plea hearing transcript, and sentencing hearing transcript. We grant the motion to enforce and dismiss the appeal.

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

Mr. Hernandez concedes that "[i]t would appear that Appellant's appeal falls within the scope of the appellate waiver contained in the written plea agreement." Resp. at 3. He also admits that both the written plea agreement and "plea colloquy indicates that Appellant's waiver was both knowing and voluntary." *Id*. at 4.

However, he asserts a technical deficiency in the colloquy arising from the district court's failure to use the words "threats" and "force" in establishing a voluntary waiver. He cites Fed. R. Crim. P. 11(b)(2), which provides: "Before accepting a plea of guilty . . . the court must address the defendant personally in open

court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."

Mr. Hernandez admits that he twice told the district court that he was entering a guilty plea of his own free will, and that he repeatedly affirmed that his waiver was voluntary. Nonetheless, he argues that because the court "did not mention the words "threat or force . . . [the colloquy] may not be considered sufficient to determine that Appellant's plea was [] truly entered voluntarily of his own free will." Resp. at 5.

We need not decide whether a defendant's admission that he is acting of his own free will is broad enough to obviate the need for the district court to specifically ask if the guilty plea is a product of "threats" or "force," because Mr. Hernandez concedes that the court's failure to use the words "threats" or "force" was harmless error because it did not affect a substantial right.

Fed. R. Crim. P. 11(h) provides: "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." "We have construed th[e] language [in Rule 11(h)] as requiring the defendant to show that knowledge of the omission or variance from Rule 11 *would have* changed his decision to plead guilty." *United States v. Wright*, 930 F.2d 808, 810 (10th Cir. 1991) (internal quotation marks omitted).

"[A] defendant who receives the information omitted by the district court from other sources generally cannot demonstrate that he would not have pleaded guilty had

- 3 -

the court also so informed him." *United States v. Ferrel*, 603 F.3d 758, 763 (10th Cir. 2010). The written plea agreement states: "In addition, no one has threatened or forced me in any way to enter into this agreement." Plea Agreement at 20. As such, Mr. Hernandez cannot demonstrate that he would not have pleaded guilty if the court had used the words "threats" and "force" during the change of plea hearing.

"The third prong of our enforcement analysis requires the court to determine whether enforcing the waiver will result in a miscarriage of justice." *Hahn*, 359 F.3d at 1327. One of a handful of exceptions to enforcement is where there has been ineffective assistance of counsel in negotiating the waiver. *Id.* Mr. Hernandez directs our attention to a memorandum he filed in the district court in which "Appellant alleges ineffective assistance of counsel, apparently in the negotiation of the plea agreement." Resp. at 7. We have reviewed the memorandum and can discern no such argument. In any event, "claims of ineffective assistance of counsel [are best raised] in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citation omitted).

The motion to enforce is GRANTED and this matter is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

- 4 -