FILED
United States Court of Appeals
Tenth Circuit

**January 15, 2016**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PATRICK HENRY McGUIRE,

      Defendant - Appellant.

No. 15-3158
(D. Kan.)
(6:92-CR-10096-MLB-1)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.

Patrick Henry McGuire, a federal prisoner appearing *pro se*, was ordered to pay

restitution when he was sentenced in 1993 in the United States District Court for the

District of Kansas. In May 2015 he filed a motion in that court to discharge his

restitution obligation, arguing that the statute under which restitution was imposed

---

      * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

limited payments to 20 years after sentencing. The district court denied the motion, apparently relying on the Mandatory Victims Restitution Act (MVRA), Pub. L. No. 104-132, Title II, Subtitle A, 110 Stat. 1227–41 (1996), which expanded the time for collecting restitution to 20 years after release from imprisonment, *see* 18 U.S.C. § 3613(b) (1996). Mr. McGuire unsuccessfully claimed that application of the MVRA, which was enacted after he was sentenced, would violate the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3, and now appeals on that ground. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In 1993, Mr. McGuire was convicted in Kansas federal court of aiding and abetting armed bank robbery. He was sentenced to 25 years in prison and ordered to pay restitution of $67,212 to the bank. The sentence was to be served consecutively to a 25-year sentence imposed by a federal court in Wisconsin; and shortly after imposition of the sentence in this case, he was sentenced to life imprisonment by a federal court in Missouri. While incarcerated, he has made only a small dent in his restitution obligation.

Mr. McGuire's restitution order was imposed under the Victim and Witness Protection Act (VWPA), as amended, 18 U.S.C. § 3663 (1988). The statute stated that the United States may enforce a restitution order "(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title; or (B) in the same manner as a judgment in a civil action." *Id.* § 3663(h)(1). The first method of enforcement, subchapter B of chapter 229 (codified as 18 U.S.C. §§ 3611–15 (1984)),

2

provided in pertinent part that the "liability to pay a fine expires—(1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." *Id.* § 3613(b).

In 1996, after Mr. McGuire's sentencing, the statutory provisions for enforcement of restitution were modified and recodified by the MVRA. The MVRA replaced 18 U.S.C. § 3663(h)(1) by 18 U.S.C. § 3664(m)(1)(A), which states: "(i) An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 [18 U.S.C. §§ 3571–74] and subchapter B of chapter 229 [18 U.S.C. §§ 3611–15] of this title; or (ii) by all other available and reasonable means." Relevant here are two MVRA amendments to 18 U.S.C. § 3613. Subsection 3613(f) was added to state that "all provisions of this section are available to the United States for the enforcement of an order of restitution." And § 3613(b) extended the time for enforcement, stating that "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment *or 20 years after the release from imprisonment of the person fined*, or upon the death of the individual fined." (emphasis added).

The government relies on these 1996 MVRA amendments to authorize the continuation of Mr. McGuire's restitution obligation. Because § 3613(b) now authorizes collection of restitution until 20 years after a prisoner's release and Mr. McGuire has not been released, he would still owe restitution under the terms of the amendments.[1]

---

[1] We note that the MVRA provides that "[t]he amendments . . . shall . . . be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act [April 24, 1996]." § 211, 110 Stat. at 1241. But we need not

Continued . . .

Mr. McGuire argues, however, that applying the MVRA to his restitution would violate the Ex Post Facto Clause. We reject this argument for two reasons. First, in *United States v. Nichols*, 169 F.3d 1255, 1279–80 (10th Cir. 1999), we held that restitution is not punitive and is therefore not governed by the Ex Post Facto Clause. *See id.* at 1280 n.9 ("[T]he Ex Post Facto Clause does not bar application of the MVRA to a defendant whose criminal conduct occurred before the effective date of the statute . . . ."); *see also United States v. Wright*, 930 F.2d 808, 810 (10th Cir. 1991) ("A fine is a penalty or punishment. Restitution is payment for an actual loss.").

Second, even if restitution is punitive, extending an unexpired limitations period does not violate the Ex Post Facto Clause. *See United States v. Taliaferro*, 979 F.2d 1399, 1402 (10th Cir. 1992) ("[T]he application of an extended statute of limitations to offenses occurring prior to the legislative extension, where the prior and shorter statute of limitations has not run as of the date of such extension, does not violate the *ex post facto* clause."); *see also Stogner v. California*, 539 U.S. 607, 650 (2003) (Kennedy, J., dissenting) ("[T]he Court is careful to leave in place the uniform decisions by state and federal courts to uphold retroactive extension of unexpired statutes of limitations against an *ex post facto* challenge."). Because the limitations period for enforcing Mr.

---

decide how to construe this language, because Mr. McGuire never addresses, or even cites, the MVRA effective-date provision. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

McGuire's restitution order had not expired when the MVRA was enacted in 1996, its extension does not violate his rights under the Ex Post Facto Clause.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

5