FILED
United States Court of Appeals
Tenth Circuit

December 7, 2020

Christopher M. Wolpert
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY ALLEN DELANO,

Defendant - Appellant.

No. 19-5103

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. NO. 4:93-CR-00076-CVE-1)

_____

William P. Widell, Jr., Assistant Federal Public Defender (Julia L. O'Connell, Federal Public Defender, and Barry L. Derryberry, Assistant Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Northern and Eastern Districts of Oklahoma, Tulsa, Oklahoma, for Defendant-Appellant.

Vani Singhal, Assistant United States Attorney (R. Trent Shores, United States Attorney, with her on the brief), Northern District of Oklahoma, Tulsa, Oklahoma, for Plaintiff-Appellee.

_____

Before **BRISCOE**, **MURPHY**, and **BACHARACH**, Circuit Judges.

_____

**MURPHY**, Circuit Judge.

_____

## I. INTRODUCTION

Defendant-Appellant, Johnny Allen Delano, was convicted in 1993 of armed bank robbery, sentenced to 262 months in prison, and ordered to pay $11,558 in restitution. The restitution was ordered pursuant to the Victim and Witness Protection Act of 1982 ("VWPA").[1] After Delano was released from prison, he began serving a five-year term of supervised release. Delano's supervised release was revoked in 2017 and he was sentenced to serve an additional twenty-seven months' incarceration. He was also ordered to pay the unpaid balance of the restitution imposed in 1993.

In this appeal, Delano challenges the restitution portion of his current sentence, arguing his obligation to pay restitution under the VWPA expired twenty years after his original sentence was imposed and the plain language of the Mandatory Victims Restitution Act ("MVRA")[2] precluded the district court from reviving or reimposing restitution. Exercising jurisdiction under 28 U.S.C. § 1291, we **reverse** the part of Delano's sentence ordering him to pay restitution in the amount of $5,159.59.

---

[1]Pub. L. No. 97–291, § 5, 96 Stat. 1248, 1253–55 (Oct. 12, 1982) (codified at 18 U.S.C. § 3663).

[2]Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, tit. II, subtit. A, 110 Stat. 1214, 1227–41 (Apr. 24, 1996).

## II. FACTUAL BACKGROUND

In 1993, when Delano was sentenced for an armed bank robbery conviction, he was ordered to pay $11,558 in restitution and sentenced to terms of incarceration and supervised release. At the time, restitution was authorized by the VWPA. 18 U.S.C. § 3663(a)(1)(A) (providing that a district court "may order" a defendant make restitution to any victim of the offense of conviction). Delano was released from incarceration and began serving a five-year term of supervised release on December 5, 2012. In October 2017, the government sought to revoke Delano's supervised release. After an evidentiary hearing, the district court found that Delano had violated three conditions of his supervised release. The court sentenced him to twenty-seven months' incarceration to be followed by thirty-three months' supervised release.

At the time Delano was sentenced for the supervised release violations, he had not completed paying the restitution ordered in 1993. At the request of the district court, the parties briefed the issue of whether Delano could be ordered to pay the remaining balance of $5,159.59. At the revocation sentencing hearing, the district court ruled that the government was authorized to enforce the 1993 restitution order. The court's ruling was based on several decisions from this court holding that applying the provisions of the MVRA to pre-MVRA cases does not violate the Ex Post Facto Clause. *See United States v. Nichols*, 169 F.3d

1255, 1279-80 (10th Cir. 1999); *United States v. Hampshire*, 95 F.3d 999, 1006 (10th Cir. 1996); *United States v. McGuire*, 636 F. App'x 445 (10th Cir. 2016) (unpublished disposition). Delano appeals the restitution portion of his sentence, albeit raising an argument he did not make before the district court.

## III. DISCUSSION

In his oral and written presentations to the district court, Delano argued his liability for restitution expired in 2013, twenty years after judgment was entered in the bank robbery matter. In support, he relied on language in the VWPA, the statute applied by the district court when restitution was originally ordered. In 1993, the VWPA provided that the government may enforce a restitution order "(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this Title [18 U.S.C. § 3613 (1993)]; or (B) in the same manner as a judgment in a civil action." 18 U.S.C. § 3663(h) (1993). The 1993 version of § 3613(b) provided that "[a] lien becomes unenforceable and liability to pay a fine expires—(1) twenty years after the entry of judgment; or (2) upon the death of the individual fined." Delano argued the 1993 restitution order is no longer enforceable because the twenty years has expired. The district court disagreed, concluding the MVRA, which was enacted in 1996 as part of the AEDPA, applies when sentencing a defendant for violating the conditions of a supervised release term that was imposed prior to the enactment of the MVRA.

Under the provisions of the MVRA, a criminal defendant is liable for payment of restitution until twenty years after his release from incarceration, not twenty years after his conviction. 18 U.S.C. § 3613(b); AEDPA, Pub. L. No. 104–132, 110 Stat. at 1238–39 (amending provisions of § 3613(b)). Delano was released from incarceration in 2012.

In this appeal, Delano makes a new argument, contending the plain language of the MVRA prohibits courts from applying it to defendants convicted before the statute's effective date. This court has alluded to this argument, but never decided the issue. *McGuire*, 636 F. App'x at 446 n.1 ("We note that the MVRA provides that '[t]he amendments . . . shall . . . be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act [April 24, 1996].' § 211, 110 Stat. at 1241. But we need not decide how to construe this language, because [Appellant] never addresses, or even cites, the MVRA effective-date provision."). Because Delano's argument is not preserved, he must satisfy the plain error standard of review by showing "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wireman*, 849 F.3d 956, 962 (10th Cir. 2017) (quotation omitted). We begin with whether the district court erred.

"In 1982, Congress enacted the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, which authorized district courts, within their discretion, to order restitution to victims of criminal conduct." *United States v. Serawop*, 505 F.3d 1112, 1117 (10th Cir. 2007).  When Delano was sentenced in 1993, the district court used its discretion under the VWPA to order restitution. At that time, the VWPA provided that a defendant's obligation to pay restitution "expires twenty years after the entry of the judgment."  18 U.S.C. § 3663(h) (1993) (incorporating the provisions of 18 U.S.C. § 3613(b)(1) (1993)). Congress enacted the MVRA in 1996, making restitution mandatory in certain cases, particularly crimes of violence and theft crimes with identifiable victims who "suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The MVRA also amended the VWPA by authorizing the collection of restitution until "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the [defendant]."  AEDPA, Pub. L. No. 104–132, 110 Stat. at 1238-39 (amending the provisions of 18 U.S.C. § 3613(b)).

Here, the district court applied the MVRA retroactively, extending Delano's liability to pay restitution from twenty years after his judgment of conviction to twenty years after his release from incarceration.  A statute, however, "may not be applied retroactively unless Congress clearly intended such a result." *Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 887 (10th Cir. 2005).

Congress has clearly stated that the MVRA only applies prospectively. Section 211 of the AEDPA states that the amendments made to the VWPA by the MVRA "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of [the AEDPA]." Pub. L. No. 104–132, § 211, 110 Stat. at 1241. The AEDPA was enacted on April 24, 1996. *Id*. Because Delano was convicted in 1993, he was not convicted on or after the enactment of the AEDPA.

"Courts have no inherent power to order restitution; they may only do so as authorized by statute." *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir. 2007). Under the VWPA, Delano's obligation to pay restitution terminated in 2013, twenty years after he was sentenced for armed bank robbery. And, by its express terms, the MVRA cannot be applied to him.[3] Accordingly, the district

---

[3]Pursuant to 18 U.S.C. § 3556, a district court, "in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A [the MVRA], and may order restitution in accordance with section 3663 [the VWPA]." Restitution ordered pursuant to the VWPA is limited to the specific crimes expressly set out in 18 U.S.C. § 3663(a)(1)(A). Here, the government does not argue that the district court had any statutory source of authority other than the MVRA to order restitution. *See United States v. Maturin*, 488 F.3d 657, 660 n.1 (5th Cir. 2007) (opining that 18 U.S.C. § 3583(d) is also a statutory basis for restitution but suggesting "section 3583(d) cannot be used to circumvent otherwise applicable substantive limitations on an award of restitution"); *see also Johnson v. United States*, 529 U.S. 694, 700-01 (holding that all sanctions imposed for violations of supervised release are "part of the penalty for the initial offense"); *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) ("[A] violation of the conditions of supervised

(continued...)

court erred when it concluded the MVRA authorized entry of an order requiring Delano to pay the outstanding balance of the restitution imposed in 1993.

We must next determine whether the district court's error was plain. "An error is clear and obvious when it is contrary to well-settled law. In general, for an error to be contrary to well-settled law, either the Supreme Court or this court must have addressed the issue." *United States v. Salas*, 889 F.3d 681, 687 (10th Cir. 2018) (quotations, citation, and alteration omitted). It is uncontested, that neither the Supreme Court nor the Tenth Circuit has addressed the question of whether the MVRA applies retrospectively. This is true even though we have held that applying the MVRA to defendants whose restitution was ordered pursuant to the VWPA would not violate the Ex Post Facto Clause of the Constitution. *See Nichols*, 169 F.3d at 1279-80; *Hampshire*, 95 F.3d at 1006; *McGuire*, 636 F. App'x at 446. There is some initial appeal to the government's argument that the district court's error was not plain because our ex post facto cases gave the court the impression the MVRA can and should be applied in all sentencing proceedings conducted after its effective date. Delano, however, does not raise an ex post facto challenge on appeal. He, instead, raises an issue that this court acknowledged in *McGuire* has never been addressed, i.e., whether the

---

[3](...continued)
release does not constitute a new crime, and the revocation of supervised release is not properly considered a new punishment.").

MVRA's effective-date provision precludes the amendments made to the VWPA by the MVRA from being applied to defendants who were convicted before April 24, 1996.

We have previously held that "the absence of circuit precedent does not prevent the clearly erroneous application of statutory law from being plain error." *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (quotation and alternations omitted). In other words, this court is required to enforce clear congressional directives even if the statutory provision at issue has not previously been interpreted by this court or the Supreme Court. We conclude, in light of the plain language of the MVRA discussed above, Congress has clearly stated that the MVRA has only prospective application.[4] The district court's error was therefore plain.

---

[4]The cases from the Fifth and Ninth Circuit Courts of Appeals relied upon by the government do not persuade us to the contrary. The Fifth Circuit's holding in *United States v. Howard* is inapposite because, as that court acknowledged "the district court did not impose a second restitution order, but merely recognized the prior imposition of restitution which had not been paid when the supervised release was revoked." 220 F.3d 645, 647 (5th Cir. 2000). Here, Delano's obligation to pay restitution had already terminated under the VWPA when his supervised release was revoked. In an unpublished decision, the Ninth Circuit concluded the MVRA applied to a defendant sentenced in 1990 because the statute of limitations with respect to restitution is procedural. *United States v. Richards,* 472 F. App'x 523, 525 (9th Cir. 2012) (unpublished). Accordingly, the Ninth Circuit held the MVRA applied because it was the law in effect at the time of the district court's decision. *Id.* But like our own decisions in *Nichols*, *Hampshire*, and *McGuire*, *Richards* did not discuss or resolve the question currently before this court.

An error affects a defendant's substantial rights when it "affect[s] the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). The government argues the district court's error did not affect Delano's substantial rights because it is undisputed he never fulfilled his obligation to pay restitution to the victims of his armed robbery. This argument, however, is not relevant under the standard set out by the Supreme Court in *Olano*. It is beyond debate that Delano's obligation to pay restitution ended in 2013, regardless of whether he fulfilled that obligation. There is no statutory authority, however, to extend the period in which the government can collect the unpaid balance of the restitution ordered in 1993. Thus, the error necessarily altered the outcome of the district court's proceeding and, accordingly, affected Delano's substantial rights.

Finally, we conclude the error must be corrected. The government asserts the district court's order does not affect the fairness, integrity, or public reputation of judicial proceedings because there is no dispute that Delano failed to pay the full amount of restitution he was ordered to pay in 1993. But the government's argument begs the question we must address when determining whether to exercise our discretion to correct a plain error. There is no doubt Delano never fulfilled his obligation to make full restitution to his victims. But that potential was contemplated by the terms of the 1993 version of the VWPA,

which provided that Delano's liability to pay restitution terminated twenty years after his conviction. And we have held, *supra*, that the 1993 version of the VWPA is the only statute applicable to Delano's restitution obligation. Under our precedents, a restitution order imposed without statutory authority should be corrected because it affects the fairness, integrity, or public reputation of judicial proceedings. *Gordon*, 480 F.3d at 1212 ("Aside from the fact that an unlawful restitution order does constitute a miscarriage of justice because it is beyond the remedy authorized by statute, this court has, on several previous occasions, held that an unlawful restitution order constitutes plain error." (citation omitted)). We reach the same conclusion here. The failure to correct the error would permit the application of a statutory provision to Delano that Congress has expressly stated does not apply to him. Such a result would undoubtedly adversely affect the public reputation of judicial proceedings.

## IV. CONCLUSION

We **reverse** the portion of Delano's sentence imposing restitution in the amount of $5,159.59 and **remand** to the district court for further proceedings consistent with this opinion.